ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2023-Aug-04 12:49:00
35CV-23-609
C11WD02 : 5 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## ____ DIVISION

| | |
|---|---|
| PUBLIC PRIVATE PARTNERSHIP CORP<br>d/b/a THE P3 GROUP IV, and<br>JEFFERSON COUNTY BUILDINGS, LLC | PLAINTIFFS |
| VS.       CASE NO.: 35CV-23-_____ | |
| COMMERCIAL CONSTRUCTION & MAINTENANCE, INC.,<br>PAUL PENCE, LACEY PENCE, KEVIN PENCE,<br>CLAYBORNE S. STONE and<br>MITCHELL, WILLIAMS, SELIG, GATES &WOODYARD, P.L.L.C<br>d/b/a MITCHELL WILLIAMS | DEFENDANTS |

## COMPLAINT

Plaintiffs, by and through counsel, for their Complaint against Defendants, state:

1. Plaintiff Public Private Partnership Corp d/b/a The P3 Group IV ("P3") is a corporation organized under and doing business pursuant to the laws of the state of Arkansas.

2. Plaintiff Jefferson County Buildings, LLC ("JCB") is a limited liability company organized under and doing business in Arkansas.

3. Defendant Commercial Construction & Maintenance, Inc. ("CCM") is an Alabama corporation, but doing business in and throughout Arkansas. Service of process may be accomplished on CCM via its registered agent Paul Pence, 3664 Guyton Road, Birmingham, AL 35244.

4. Defendant Paul Pence is a citizen and resident of Alabama and is the President and shareholder of CCM. Defendant Paul Pence has significant contacts with the state of Arkansas, particularly in connection with the projects CCM has performed in Arkansas.

**EXHIBIT 2**

5. Defendant Lacey Pence is a citizen and resident of Alabama and is an agent and shareholder of CCM. Defendant Lacey Pence has significant contacts with the state of Arkansas, particularly in connection with the projects CCM has performed in Arkansas.

6. Defendant Kevin Pence is a citizen and resident of Alabama and is an agent and shareholder CCM. Defendant Kevin Pence has significant contacts with the state of Arkansas, particularly in connection with the projects CCM has performed in Arkansas.

7. Clayborne S. Stone ("Stone") is a licensed attorney practicing in and throughout Arkansas. At all relevant times alleged in this Complaint, Defendant Stone was an agent for Defendant Mitchell Williams Selig Gates & Woodyard, PLLC ("Law Firm"). The Law Firm is vicariously liable for the actions of Defendant Stone.

8. Defendant Mitchell Williams Selig Gates & Woodyard, PLLC d/b/a Mitchell Williams ("Law Firm") is a professional limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas located at 425 W Capitol Ave. Suite 1800. Little Rock, AR 72201. Service of process may be accomplished on the Law Firm via its registered agent R.T. Beard at the same address.

9. Jurisdiction and venue are proper with this Court.

10. In August 2020, the P3 Group and CCM entered into three separate contracts for the construction of improvements to real property located in Jefferson County, Arkansas.

11. The three separate projects were known as the Jefferson County Health Unit, the Coroner's Office, and the Veterans Service Office.

12. On January 13, 2023, Defendants filed or caused to be filed a Complaint with the Jefferson County Circuit Court. The Complaint contained allegations that Plaintiffs had committed fraud. See Jefferson County Circuit Court Case no.: 35CV-23-33.

13. All defendants knew about, consented to, authorized and approved the filing of the fraud claims against Plaintiffs.

14. The Defendants did not have probable cause to believe that Plaintiffs had committed fraud, nor did defendants have probable cause to file suit against Plaintiffs alleging fraud.

15. That the Plaintiffs herein were required to expend time, energy, expense and attorney's fees to defend the fraud claim in Jefferson County Circuit Court.

16. That the filing of the fraud claim has resulted in economic loss to Plaintiffs by reputational injury, monetary damage, lost business, delay in existing projects and attorney's fees and costs.

17. Many months after the January 13, 2023 filing of the fraud claim by Defendants, and after significant time, effort, expense and injury to Plaintiffs, Defendants amended their Complaint in Case no.: 35CV-23-33. The Amended Complaint removed the fraud claim, thereby abandoning the claim.

18. By abandoning the fraud claim, the fraud claim was terminated in Plaintiffs' favor.

19. On February 13, 2023, Defendant Stone authored a letter to the Arkansas Contractor's Licensing Board that contained statements regarding Plaintiff P3 that were untrue and damaging. The letter is not attached hereto so as to not further the injury to Plaintiffs.

20. Defendant Stone knew or should have known that the statements were untrue. Defendant Stone acted with reckless disregard of the truth.

21. As a result of Stone's statements, Plaintiff P3 suffered reputational damage and other damages.

## COUNT I – MALICIOUS PROSECUTION (ALL DEFENDANTS)

22. Plaintiffs adopt and incorporate the allegations contained paragraphs 1 through 21 herein.

23. Defendants filing of the fraud claim constitutes malicious prosecution.

24. As a result of Defendants malicious prosecution, Plaintiffs suffered monetary damages.

## COUNT II – DEFAMATION (DEFENDANTS STONE AND THE LAW FIRM)

25. Plaintiffs adopt and incorporate the allegations contained paragraphs 1 through 21 herein.

26. Defendants Stone and the Law Firm's letter to the Arkansas Contractors Licensing Board constitutes defamation and libel.

27. As a result of Defendants libelous and defamatory statements, Plaintiffs have suffered reputational and monetary damages.

28. That Plaintiffs herein have suffered damages which are in excess of the minimum amount required for purposes of federal diversity jurisdiction, and which were proximately caused by Defendants.

30. Plaintiffs are entitled to all reasonable expenses, including attorney's fees incurred by plaintiffs in connection with the defense of the prior civil proceedings set forth above.

31. Plaintiffs are entitled to punitive damages in excess of $75,000 against Defendants. Defendants knew or should have known in the light of the

surrounding circumstances that their conduct would naturally and probably result in damage, and they continued such conduct with malice in reckless disregard of the consequences from with malice may be inferred. Defendants also intentionally pursued a course of conduct for the purpose of causing damage to plaintiffs.

32. Plaintiffs request trial by jury.

WHEREFORE, Plaintiffs respectfully request judgment of and from defendants, jointly and severally, for compensatory damages in excess of $75,000; punitive damages in excess of $75,000, and for all other proper relief, including costs and attorney's fees.

Respectfully submitted:

/s/ Danny R. Crabtree
Danny R. Crabtree (2004006)
Attorney at Law
10201 W Markham, STE 328
Little Rock, AR 72201
501-372-0080
501-372-2999 (f)
danny@crabtreelawar.com